# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHASITY MARIE SNYDER,

       Plaintiff,

v.                                                    Case No:   6:21-cv-994-LHP

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant

_____

## MEMORANDUM OF DECISION[1]

Chasity Marie Snyder ("Claimant") appeals the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Claimant raises one argument challenging the Commissioner's final decision, and based on that argument, requests that the matter be reversed for an award of benefits, or, in the alternative, remanded for further administrative proceedings. Doc. No. 30, at 9-12, 20-21.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 10-11.

be affirmed.   *Id.*, at 13-20, 21.   For the reasons discussed herein, the Commissioner's final decision is **AFFIRMED**.

I.      **PROCEDURAL HISTORY**

On October 28, 2019, Claimant filed an application for DIB and SSI, alleging a disability onset date of December 19, 2018.   R. 24, 195-208.[2]   Claimant's application was denied initially and again upon reconsideration, and she requested a hearing before an ALJ.   R. 64-116, 119-45, 146-62.   A hearing was held before the ALJ on October 30, 2020.   R. 37-52.   Claimant and a vocational expert ("VE") testified at the hearing.   R. 37-52.   Claimant was represented by an attorney at the hearing.   R. 37.

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 24-32.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 1-20.   On April 6, 2021, the Appeals Council denied the request for review.   R. 1.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

---

[2] The "Application Summary for Disability Insurance Benefits" states that Claimant applied for DIB on November 18, 2019.   Doc. No. 195.   Likewise, the "Application Summary for Supplemental Security Income" states that Claimant applied for SSI on November 18, 2019.   Doc. No. 202.   However, according to the ALJ's decision, Claimant filed applications for DIB and SSI on October 28, 2019.   *Compare* R. 24, *with* R. 195 *and* 202.   For consistency, and because the application date is not dispositive of this appeal, the Court utilizes the application date stated by the ALJ: October 28, 2019.

## II.    THE ALJ'S DECISION[3]

The ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).   R. 24-32.[4]   The ALJ first found Claimant met the insured status requirements of the Social Security Act through December 31, 2023.   R. 26.   The ALJ also concluded that the Claimant had not engaged in substantial gainful activity since December 19, 2018, the alleged onset date.   *Id.*   The ALJ found that Claimant suffered from the following severe impairments: "depressive, bipolar and related disorders."   *Id.*[5]   The ALJ concluded Claimant did not have an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 27-28.

---

[3]   Upon review of the record, counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.   Doc. No. 30.   Accordingly, the Court adopts those facts included in the body of the Joint Memorandum by reference without restating them in entirety herein.

[4]   An individual claiming Social Security disability benefits must prove that he or she is disabled.   *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).   "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a(4))(i)–(v)).

[5]   The ALJ also found that Claimant suffered from the following non-severe impairments: disorders of the digestive tract and Crohn's disease, and that Claimant was diagnosed with PTSD in February 2020.   R. 27.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[6] with the following limitations:

> [E]xcept that she can lift and carry 20 pounds occasionally and 10 pounds frequently.   The claimant can stand and walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday.   The claimant can frequently climb ramps and stairs but not climb ladders, ropes or scaffolds.   The claimant can frequently stoop, balance, kneel, crouch and crawl.   The claimant is limited to performing simple, unskilled tasks.

R. 28.   The ALJ found that Claimant was unable to perform any past relevant work. R. 31.   Taking into consideration Claimant's age (younger individual), education, work experience, RFC, and testimony of the VE, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Claimant can perform such as: document preparer, data examiner, and calculating machine operator.   R. 31-32.   Accordingly, the ALJ concluded that Claimant had not been

---

[6] The social security regulations define light work to include:

> [L]ifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

under a disability, as defined in the Social Security Act, from December 19, 2018,

through the date of decision.   R. 32

## III.   STANDARD OF REVIEW

Because Claimant has exhausted her administrative remedies, the Court has

jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. §

405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's

review is limited to determining whether the Commissioner applied the correct

legal standards and whether the Commissioner's findings of fact are supported by

substantial evidence.   *Winschel*, 631 F.3d at 1178.   The Commissioner's findings of

fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g),

which is defined as "more than a scintilla and is such relevant evidence as a

reasonable person would accept as adequate to support a conclusion."   *Lewis v.

Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence

favorable as well as unfavorable to the Commissioner's decision, when determining

whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d

1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its

judgment for that of the Commissioner, and, even if the evidence preponderates

against the Commissioner's decision, the reviewing court must affirm if the decision

is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239

(11th Cir. 1983).

## IV.   ANALYSIS

In the Joint Memorandum, which the Court has reviewed, Claimant raises one assignment of error: that the ALJ erred in his consideration of Claimant's credibility and subjective complaints.   Doc. No. 30, at 9-12.   Accordingly, this is the only issue the Court will address.

Claimant argues that the ALJ's credibility determination was "nothing more than boiler plate type language" and that the ALJ failed to articulate explicit and adequate reasons for discounting the Claimant's complaints.   Doc. No. 30, at 10-12. The Commissioner, on the other hand, argues that the ALJ properly considered Claimant's subjective complaints and cited to specific evidence supporting his evaluation of Claimant's subjective complaints.   *Id.*, at 14, 19.   Upon consideration of the record and the parties' arguments, the Court agrees with the Commissioner.

A claimant may establish disability through his or her own testimony of pain or other subjective symptoms.   *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).   A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).   If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work.   20 C.F.R. § 404.1529(c)(1); 20 C.F.R. § 416.929(c)(1).   In doing so, the ALJ considers a variety of evidence, including the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work.   20 C.F.R. § 404.1529(c)(1)-(3); 20 C.F.R. § 416.929(c)(1)–(3).

Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain. 20 C.F.R. § 404.1529(c)(3)(i)-(vii); 20 C.F.R. § 416.929(c)(3)(i)–(vii).   "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so."   *Foote*, 67 F.3d at 1561–62.   The Court will not disturb a clearly articulated finding that is supported by substantial evidence.   *Id.* at 1562.

In considering Claimant's allegations and testimony, the ALJ made the following statements.

> The claimant is alleging disability because of severe anxiety, depression and post-traumatic stress disorder (PTSD). She described symptoms including crying spells, lack of motivation, decreased appetite, and anxiety attacks. She stated that her anxiety attacks last for 10 to 15 minutes and occur in conjunction with shortness of breath, and hot flashes. Anxiety attack triggers include crowds and yelling.

> As for her depression symptoms, the claimant stated her depression began in 2018 although there is little evidence of mental health treatment until February 19, 2020 (Ex. 5F). The claimant stated she had crying spells 2 to 3 times per week. Other symptoms include difficulty concentrating and memory deficits. She stated that she requires reminders to take baths.

> The claimant lives with her husband and 2 small children, ages 6, and 8. She can assist her children in getting ready for school and she can watch them play outside. She stated she could do laundry but she often forgets she has clothes in the washer. As for grocery shopping, the claimant stated she goes to the grocery with her husband but she can stay for only 30 minutes before her anxiety symptoms intensify. The claimant denied a history of Baker Act admission or required mental health hospitalization.

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are only partially consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

> The claimant stated that her mental impairments were the primary barriers which prevented her from working. She stated she experienced panic attacks, and a depressed mood that reduced her concentration and diminished her memory. A mental status examination on February 19, 2020, however, failed to show significant

memory or concentration deficits. The examiner noted the claimant was attentive, communicative, friendly and articulate. Her facial expressions and general demeanor did reveal a depressed mood and her thought content was depressed (Ex. 5F/4). The claimant denied having suicidal ideas, homicidal thoughts, hallucinations, and delusions but she did have constricted affect and depressed mood. Diagnoses included PTSD, major depressive disorder, recurrent and moderate and a general anxiety disorder. Her treatment plan included Xanax and Zoloft (Ex. 5F/4).

Follow up examinations noted the claimant could perform abstract and arithmetic calculations. Her judgment appeared fair but there were signs of anxiety and her insight was characterized as fair (Ex. 8F/3). She also reported improvement with her symptoms including decreased crying spells, and improvement with concentration (Ex. 8F/5, 9).

. . .

The undersigned has considered earlier material and relevant evidence to include the previous decision in 2008 to gain a longitudinal perspective of the claimant's condition.  The undersigned finds the claimant has the residual functional capacity as noted in this decision. This conclusion is supported by treatment record and state agency determination.  Specifically, mental status examinations reveal the claimant retains adequate attention and memory to take care of her young children, to perform household chores and to go shopping with her husband.  While the claimant stated she did not have the motivation to get out of bed, she, in fact, could get out of bed and there is no evidence the claimant is confined to her bed.  Additionally, mental status examinations reveal the claimant's symptoms mostly improve with medications.

R. 29-30.

Claimant ignores the bulk of the ALJ's detailed analysis and instead focuses

on one sentence:  "[a]fter careful consideration of the evidence, the undersigned

finds that the claimant's medically determinable impairments could reasonably be

expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are only partially consistent with the medical evidence and other evidence in the record for the reasons explained in this decision."   Doc. No. 30, at 10 (citing R. 29). Claimant argues that this sentence constitutes "boilerplate language commonly found in Social Security decisions."   *Id.*, at 10-11.[7]   However, as recited above, the ALJ did far more than just include this one "boilerplate" sentence.   The ALJ provided numerous reasons to support his credibility determination, including that: (1) Claimant's subjective complaints were inconsistent with the medical evidence of record; (2) Claimant reported improvement in her symptoms including decreased crying spells, and improvement with concentration; (3) Claimant can care for her children and perform household chores; and (4) follow up examinations noted that Claimant could perform abstract and arithmetic calculations.   R. 29.

The ALJ cited various medical evidence of record to support his conclusions, and the Court finds that this evidence does, in fact, support the ALJ's findings.   For

---

[7] Claimant does not challenge any of the reasons the ALJ provides for discounting her subjective testimony; the entirety of her argument is that the ALJ's language is boilerplate and does not sufficiently articulate reasons for discounting her testimony. Doc. No. 30, at 9-12.   Because Claimant raises no other challenges to how the ALJ accounted for her testimony, Claimant has waived any challenge to that aspect of the ALJ's credibility determination.   *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (refusing to consider an argument that the claimant failed to raise before the district court); *Colbert v. Comm'r of Soc. Sec.*, No. 6:19-cv-2176-LRH, 2021 WL 1103692, at *9 (M.D. Fla. Mar. 23, 2021) (finding arguments not raised before the district court concerning credibility determinations to be waived).

example, the February 19, 2020 mental status examination reported no significant memory or concentration deficits, but rather reported that Claimant presented as attentive, communicative, friendly and articulate, that her short and long-term memory was intact, that her ability to abstract and perform arithmetic calculations was intact, and that her judgment "appears fair."   R. 471, 482.   And progress notes from March 16, 2020 and August 19, 2020 demonstrated that Claimant did report some improvement of her symptoms, including that her sensations of excessive worrying had lessened, her crying spells had decreased, it was easier for her to concentrate, and her depressive symptoms were less frequent or less intense.   R. 484, 488.   Further, Claimant did testify that she could help care for her children, perform some household chores, and go shopping with her husband.   R. 46-47.

The Court thus finds that the ALJ considered the Claimant's subjective complaints, articulated "explicit and adequate reasons" for discounting the subjective complaints, and those reasons are supported by the record. Accordingly, the Court finds no reversible error.   *Foote*, 67 F.3d at 1561-62.   *See also, e.g., Moore*, 405 F.3d at 1211-12 (ALJ did not err in finding that claimant with fibromyalgia was capable of performing light work where claimant's subjective testimony was inconsistent with record evidence that claimant could drive, provide childcare, bathe and care for herself, exercise, and perform housework); *Raymond v. Soc. Sec. Admin., Comm'r*, 778 F. App'x 766, 777 (11th Cir. 2019) (finding ALJ did not

err in assessing claimant's credibility, and noting that "[o]ur inquiry is whether the ALJ pointed to sufficient relevant evidence such that a reasonable person would accept the ALJ adequately supported her conclusion")[8]; *Colbert*, 2021 WL 1103692, at \*9 (finding that ALJ adequately considered claimant's subjective testimony and supported his credibility determination with specific reasons and citation to evidence of record, where ALJ first summarized claimant's testimony, then cited the same "boilerplate language," and then provided detailed reasons with record citations).   *See also Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (when reviewing the ALJ's credibility determination "[t]he question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it.").[9]

---

[8] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.   *See* 11th Cir. R. 36–2.

[9] The cases cited by Claimant in support of her argument are distinguishable from the present case.   For example, in *McKinney v. Astrue*, No. 8:08-CV-2318-T-TGW, 2010 WL 149826 (M.D. Fla. Jan 15, 2010), the ALJ recited a version of the boilerplate statement Claimant takes issue with, but then failed to provide any explanation "shedding light" on the boilerplate statement. 2010 WL 149826, at \* 3-4.   Likewise, in *Bailey v. Comm'r of Soc. Sec.*, No. 6:16-cv-1429-Orl-41GJK, 2017 WL 3638457 (M.D. Fla. July 10, 2017), *report and recommendation adopted*, 2017 WL 3621992 (M.D. Fla. Aug. 23, 2017), the boilerplate statement regarding the claimant's credibility was "neither preceded nor followed by an explanation of why Claimant's statements are not entirely credible," therefore the "ALJ failed to clearly articulate any specific facts supporting her credibility determination." 2017 WL 3638457, at \*3.   Similarly, in *Pate v. Comm'r of Soc. Sec.*, No. 6:14-cv-1493-Orl-GJK, 2016 WL 455443 (M.D. Fla. Feb. 5, 2016), the ALJ again recited the boilerplate language regarding the claimant's credibility but did not follow the statement with any "specific facts that undermine the claimant's testimony."   2016 WL 455443, at \*3-4.   And in *Simon v. Comm'r of Soc. Sec. Admin.*, 7 F.4th 1094, 1009-10 (11th Cir. 2021), the Eleventh Circuit found that the ALJ erred when he did not "elaborate on which portions of the medical evidence (or 'other evidence') were inconsistent with [the claimant's] statements."   *See also McCauley v. Comm'r of Soc. Sec.*, No. 2:16-

Because the ALJ provided adequate reasons for discounting Claimant's subjective complaints that are supported by evidence of record, Claimant has failed to demonstrate that the ALJ reversibly erred, and as such, the final decision of the Commissioner is due to be affirmed.

## V.   CONCLUSION

Based on the foregoing, it is **ORDERED** that:

1.      The final decision of the Commissioner is **AFFIRMED**.

2.      The Clerk of Court is **DIRECTED** to enter judgment in favor of the Commissioner and **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on August 30, 2022.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

cv-584-FtM-MRM, 2017 WL 4297239, at *7-9 (M.D. Fla. Sept. 28, 2017) (the court found that the ALJ's statements were too general to permit meaningful review, and it was not clear what medical evidence of record the ALJ relied upon); *McCloud v. Comm'r of Soc. Sec.*, 5:20-cv-364-DNF, 2021 WL 4988634, at *4 (M.D. Fla. Oct. 27, 2021) (reversing ALJ where the boilerplate language was used, and then the ALJ merely summarized the medical evidence of record without tying any of that evidence to any reasons for discounting plaintiff's subjective complaints); *Crooker v. Comm'r of Soc. Sec.*, No. 6:20-cv-176-LRH, 2021 WL 1060198, at *4 (M.D. Fla. Mar. 18, 2021) (finding reversible error where ALJ utilized the boilerplate language, failed to identify any specific medical evidence to support the reasons for partially crediting claimant's statements, and the evidence that was cited was insufficient).   In contrast, the ALJ in the present case provided detailed reasons, and cited to specific medical records to support those reasons.   R. 29-30.